LAGESEN, P. J.
*856 Appellant, who was committed to the Oregon Health Authority (OHA), challenges *679 orders by the Douglas County Circuit Court revoking his trial visit of in-home placement and prohibiting him from purchasing or possessing firearms. He argues that the revocation proceeding should have been initiated in Lane County, where the trial visit was located, rather than in Douglas County. The state concedes that the Lane County Circuit Court should not have transferred jurisdiction to the Douglas County court, and it agrees with appellant that the Douglas County court erred by accepting that transfer and exercising jurisdiction. For the reasons that follow, we agree with the parties, accept the state's concession, and reverse the challenged orders.
In July 2017, the Douglas County Circuit Court committed appellant to the OHA for a period not to exceed 180 days after finding that he was a person with chronic mental illness within the meaning of ORS 426.005(1)(f)(C). Appellant received inpatient care at the Roseburg VA Center in Douglas County, until he was granted a trial visit at his home. See generally ORS 426.273(1) (authorizing the OHA to "grant a trial visit to the patient for a period of time and under any conditions the authority shall establish"). Because appellant's home was located in Creswell, in Lane County, the Douglas County Circuit Court transferred jurisdiction to the Lane County Circuit Court. See ORS 426.275(4) ("If the person on placement is living in a county other than the county of the court that established the current period of commitment under ORS 426.130 during which the trial visit * * * takes place, the court establishing the current period of commitment shall transfer jurisdiction to the appropriate court of the county in which the person is living while on the placement and the court receiving the transfer shall accept jurisdiction.").
During the trial visit, appellant's brother in November 2017 transported appellant back to the VA hospital in Roseburg, where he was again hospitalized. At that same time, a designee of the Lane County community mental health director filed a request in the Lane County court for *857 an order transferring jurisdiction back to Douglas County. That request, which was not served on appellant, described appellant's placement incorrectly, interchanging the two counties: It stated that appellant had been committed in Lane County in July 2017 and would be placed in Douglas County for further care and treatment. The Lane County court granted the request and entered an order transferring jurisdiction back to Douglas County, but that order, like the request itself, was never served on appellant.
Two weeks later, while appellant was still hospitalized in Douglas County, a designee of the Douglas County mental health director initiated a proceeding in the Douglas County Circuit Court to revoke appellant's trial visit, on the ground that appellant had failed to adhere to the conditions of his trial visit by not attending scheduled mental health appointments, not following recommendations of mental health providers, and refusing to take his medications as ordered, which had resulted in psychiatric decompensation. See ORS 426.275(1) ("If the individual responsible under this subsection determines that a person with mental illness is failing to adhere to the terms and conditions of the placement, the responsible individual shall notify the court having jurisdiction that the person with mental illness is not adhering to the terms and conditions of the placement." (Emphasis added.) ).
At his initial court appearance in the revocation proceeding, appellant moved to dismiss on the ground that the Douglas County court was not the correct court for the revocation process because (1) the relevant statute, ORS 426.275(4), expressly contemplates that the circuit court of the county in which the appellant is living during the trial visit-in this case, Lane County-has sole jurisdiction, and (2) the Lane County court's transfer of jurisdiction back to Douglas County was void, because appellant had not even been served with the request to transfer, in violation of the Uniform Trial Court Rules, the Oregon Rules of Civil Procedure, and his right to due process under the federal constitution.
The Douglas County court ruled that, notwithstanding the failure to serve appellant with the transfer request *858 or transfer order, appellant was barred from collaterally *680 attacking the Lane County court's order. And, based on that conclusion, and relying on the validity of the transfer of jurisdiction, the court denied the motion to dismiss. It then proceeded to hold an evidentiary hearing on the allegations that appellant had violated the conditions of his trial visit. At the conclusion of the hearing, the court found that appellant had violated the conditions, revoked his trial visit, concluded that he should be prohibited from purchasing or possessing firearms, and entered orders to that effect.
On appeal, appellant contends that the court should have granted his motion to dismiss because Lane County Circuit Court had exclusive jurisdiction over the revocation of his trial visit and any transfer of that jurisdiction violated ORS 426.275 as well as procedural safeguards. In response, the state concedes that, under the particular circumstances of this case, "the Lane County court should not have granted the requested transfer of jurisdiction back to Douglas County" and that the Douglas County court should have remedied that error either by revoking its "acceptance" of the transfer or by affirmatively transferring jurisdiction back to Lane County. And, for that reason, the state "agrees with appellant that this court should reverse the trial court's order revoking appellant's trial visit and its order prohibiting the purchase or possession of a firearm."
The state's concession is well taken. In light of the statutory scheme, which expressly contemplates jurisdiction where the person with mental illness is living while on placement, ORS 426.275(4), the Lane County court should not have transferred jurisdiction-an error that appears to have resulted from the erroneous representation in the transfer request about where appellant was initially committed and would be placed. The Douglas County court erred in relying on that mistaken transfer, which was not only in violation of ORS 426.275(4) but also effectuated without any notice to appellant. Under the circumstances, appellant's challenge to the court's jurisdiction was not an improper collateral attack on the Lane County transfer; it was his first opportunity to challenge the Douglas County court's reliance on that transfer to accept and assert jurisdiction. We therefore *859 accept the state's concession that the court erred in denying the motion to dismiss, and we reverse the challenged orders.
Reversed.